# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 19-1307

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Eduwijes Cervantes-Mendoza

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

——————————

Submitted: August 22, 2019
Filed: August 27, 2019
[Unpublished]

——————————

Before COLLOTON, ERICKSON, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Eduwijes Cervantes-Mendoza appeals after he pled guilty to a drug offense, and the district court[1] sentenced him below the calculated United States Sentencing

---

[1] The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

Guidelines Manual range. His counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing the district court erred by holding Cervantes-Mendoza accountable for methamphetamine seized from a co-conspirator's vehicle, and the district court imposed a substantively unreasonable sentence.

First, we conclude the district court did not clearly err in holding Cervantes-Mendoza accountable for methamphetamine seized from a co-conspirator's vehicle. *See* U.S.S.G. § 1B1.3(a)(1)(B) (noting in cases of jointly undertaken criminal activity in concert with others, a defendant is responsible for conduct (1) within scope of the activity, (2) in furtherance of the activity, and (3) reasonably foreseeable); *see also United States v. Adejumo*, 772 F.3d 513, 533 (8th Cir. 2014) (reviewing for clear error district court's findings as to the scope, furtherance, and foreseeability). Second, we conclude the district court did not impose a substantively unreasonable sentence. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (reviewing sentence under deferential abuse-of-discretion standard and discussing substantive reasonableness). In addition, having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____